**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| Cox Enterprises Inc., d/b/a Cecilia's, 520 S. Main Street Breckenridge, CO 80424 <br><br> Plaintiff, <br><br> v. <br><br> SMALL BUSINESS ADMINISTRATION, 409 3rd Street, SW Washington, D.C. 20416, <br><br> ISABELLA CASILLAS GUZMAN, Administrator, Small Business Administration, 409 3rd Street, SW Washington, D.C. 20416, <br><br> Defendants. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Cox Enterprises Inc., doing business as Cecilia's ("Cecilia's" or the "Company"), by and through its attorneys, alleges and states as follows:

**INTRODUCTION**

1.      This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2.      The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program

to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3. Beginning in early spring 2020, unprecedented pandemic-related government restrictions on live venues substantially impacted Cecilia's event business. As a live venue operator, the Company's gross revenue decreased by 100% in the second quarter of 2020 as compared to revenue in the second quarter of 2019. Government restrictions continued into 2021, forcing Cecilia's to operate at limited capacity and further adding to the Company's pandemic-related financial struggles. Cecilia's requires an SVOG award to support ongoing operations—exactly the purpose of the SVOG Program.

4. Cecilia's demonstrated its eligibility for a SVOG award in its application to the SBA and, following an initial denial, its appeal to the SBA. The SBA denied both the Company's application and its appeal, giving no reason for the initial denial and providing only a conclusory statement with the appeal denial that fails to explain the agency's reasoning.

5. SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though the Company demonstrated that it is an eligible live venue operator, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of the Company's application.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

7. Venue lies in this district under 28 U.S.C. § 1391(e)(1).

8.     This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9.     Plaintiff Cox Enterprises Inc., doing business as Cecilia's, is a live venue operator located in Breckenridge, Colorado.  Cecilia's has been in operation since 1996 and became a live venue operator in 2001.  Cecilia's stages host live performances from local, regional and national DJs, producers, and other musical acts.

10.     Defendant Small Business Administration is an independent agency of the federal government.  The SBA's mission is to help Americans start, build and grow businesses.

11.     Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations.  Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

**A.     Shuttered Venue Operators Grant Program**

12.     The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues.  Pub. L. No. 116-260 § 324.  The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards.  Pub. L. No. 117-2 § 5005(a).

13.     SVOG awards may be used for specified business expenses, including payroll, rent and utility payments, that are incurred between March 1, 2020, and December 31, 2021.  15 U.S.C. § 9009a(d)(1)(A)(i).

14.     An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019 up to a maximum award of $10 million.  15 U.S.C. § 9009a(c).

15.     Eligible businesses with 2021 first quarter revenues of no more than 30% of their 2019 first quarter revenues are eligible for supplemental grants in the amount of 50 percent of the original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10 million.  15 U.S.C. § 9009a(b)(3)(A); SBA, *SBA Opens Supplemental Grant Applications for Shuttered Venue Operators Grant Awardees* (Aug. 27, 2021), https://www.sba.gov/article/2021/aug/27/sba-opens-supplemental-grant-applications-shuttered-venue-operators-grant-awardees.  SVOG initial and supplemental award funds may be used for costs incurred through June 30, 2022.  15 U.S.C. § 9009a(d)(1)(A)(i).

16.     Eligible entities under the Act include live venue operators, as well as talent representatives, live performing arts organization operators, theatrical producers, live venue promoters, museum operators, and motion picture theatre operators.  15 U.S.C. § 9009a(a)(1)(A).

17.     In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A).  The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange or presenting live performances of a prurient sexual nature.  *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

18.     The Act defines live venue operator to include an entity that as a principal business activity "organizes, promotes, produces, manages, or hosts live concerts, comedy shows, theatrical productions, or other events by performing artists" for which there is a ticketed cover charge, performers are paid a guaranteed amount by contract or formal agreement, and not

less than 70 percent of revenue is generated through ticket sales, cover charges, event beverages, food, or merchandise. 15 U.S.C. § 9009a(a)(3)(A)(i).

19.     The Act specifies that for a live venue operator to be eligible, it must have additional characteristics.  The venue must operate events with a defined performance and audience space; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media.  15 U.S.C. § 9009a(a)(1)(A)(iii).

**B.     Cecilia's SVOG Application and the SBA's Denial**

20.     On April 26, 2021, Cecilia's applied for a SVOG award of $536,891.56.

21.     In its application, Cecilia's demonstrated that it satisfied the eligibility criteria for a SVOG award. The Company demonstrated that it was in operation on February 29, 2020, and showed that its losses in the second, third and fourth quarters of 2020 each exceeded the 25% statutory threshold by submitting monthly revenue information and its federal tax returns for 2019 and 2020.  The Company also submitted documentation showing that it met the other application criteria and the certifications of eligibility required by the SBA's guidance on SVOG applications.

22.     On July 20, 2021, Cecilia's learned from the SBA's portal that its application was denied.  The portal's denial notice gave no explanation of the reason why the SBA found the Company ineligible.

23.     On August 13, 2021, Cecilia's submitted an administrative appeal of the denial to the SBA.

24.     Cecilia's application and appeal explained in detail and with supporting documentation how the Company meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for a live venue operator.  The Company's supporting documentation included cancelled checks paid to performance artists; live event social media marketing and advertising materials including event times, ticket pricing, and door fees; payroll documents demonstrating payments to a sound engineer, stage manager, and security personnel; a venue floor plan depicting clear and defined stage and audience spaces; and photos of sound mixing, public address equipment, and a lighting system.  The Company also provided documentation illustrating that its earned revenue from cover charges, ticket sales, and food/beverage sales in 2019 exceeded the statutory 70% threshold for live venue operators.

25.     On October 26, 2021, the Company received an email from SBA stating that its appeal was denied. The SBA provided a conclusory statement with the appeal denial that fails to explain the agency's reasoning: "[a]pplications were declined for one or more of the reasons provided below … . Your application was declined, at least in part, based on number 10." "Number 10" in the SBA's list states only: "[d]id not meet the principal business activity standard for the entity type under which applied." SBA also included boilerplate language stating that the denial email "may not be a comprehensive list of reasons for your decline", directing the Company to fill out a form to obtain "additional information", and adding that "[t]he SBA will aim to provide this more specific detail on appeal declines once the SVOG initial application reviews are complete."

26.     The SBA's denial of the Company's appeal is the agency's final decision.

27.     SBA has approved SVOG awards for live venues with the exact business model and types of live performances as Cecilia's in other Colorado ski towns including:  JR Bar Inc. in

Winter Park (award in the amount of $275,467) and Bar West Group, LLC in Aspen—https://www.escobaraspen.com (award in the amount of $512,403).

**CLAIMS FOR RELIEF**

28.     The courts recognize a strong presumption favoring judicial review of administrative action.

29.     The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.

30.     The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review."  5 U.S.C. § 704.

31.     The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence."  5 U.S.C. § 706(2)(A) and (E), respectively.

32.     The SBA is an "agency" whose final actions are reviewable under the APA.

**COUNT I - ARBITRARY AND CAPRICIOUS AGENCY ACTION**

33.     Cecilia's realleges and incorporates by reference each of the preceding paragraphs and allegations.

34.     A basic requirement of administrative law is that an agency explain the reasoning behind its decisions.  However, the SBA gave Cecilia's only a conclusory decision that does not explain the agency's reasoning in denying the Company's SVOG application.

35.     Indeed, the SBA's decision on Cecilia's application conflicts with the evidence of the Company's eligibility that it presented to SBA in its application and in its appeal.

36.     The SBA further erred by treating Cecilia's disparately from similarly situated businesses that were granted SVOG awards.  Such disparate treatment only further hinders the Company's ability to compete in the marketplace and adds injury to a company struggling to recover from a significant pandemic-imposed drop in revenue.

37.     For each of these reasons, the SBA's denial of Cecilia's SVOG award request is arbitrary and capricious.

## COUNT II - AGENCY ACTION CONTRARY TO LAW

38.     Cecilia's realleges and incorporates by reference each of the preceding paragraphs and allegations.

39.     Cecilia;s satisfies the Act's general eligibility criteria for a SVOG award and specific eligibility criteria for an award as a talent representative.

40.     The SBA's denial of the Company's SVOG award request therefore violated the Act and is contrary to law.

## COUNT III - AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

41.     Cecilia's realleges and incorporates by reference each of the preceding paragraphs and allegations.

42.     The SBA's denial of Cecilia's SVOG award request is supported by no evidence in the record, let alone substantial evidence.  The Company's application and appeal presented evidence which demonstrates Cecilia's eligibility for a SVOG award.

43.     The SBA's denial of the Company's SVOG award request is thus unsupported by substantial evidence.

## PRAYER FOR RELIEF

For the foregoing reasons, Cecilia's respectfully requests that this Court:

1.      Declare unlawful and set aside Defendants' denial of the Company's SVOG award request.

2.      Preliminarily and permanently order Defendants to consider the Company's application for a SVOG award consistent with applicable law and the evidence before the SBA.

3.      Preliminarily and permanently order Defendants to award Cecilia's $536,891.56 in SVOG funds.

4.      Preliminarily and permanently order Defendants to grant Cecilia's a supplemental SVOG award of $268,445.78.

5.      Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's SVOG initial and supplemental grant awards.

6.      Award Plaintiff its costs and reasonable attorney fees; and

7.      Grant such other and further relief as the Court deems just and proper.

Dated: February 14, 2022                    Respectfully submitted,

*/s/* Caroline L. Wolverton
_____
Angela B. Styles
D.C. Bar No. 448397
Caroline L. Wolverton
D.C. Bar No. 496433
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4000

*Counsel for Cox Enterprises Inc., d/b/a Cecilia's*